UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

M.L. KING, JR.  FEDERAL BUILDING

50 WALNUT ST., 3RD FLOOR

NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                    (973) 645-4693

BANKRUPTCY JUDGE                                        Fax: (973) 645-2606

---

**FILED**

JAMES J. WALDRON, CLERK

**MAY 31, 2006**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY:  s/ Ronnie Plasner, DEPUTY

---

<u>**NOT FOR PUBLICATION**</u>

May 31, 2006

<u>**LETTER OPINION**</u>
<u>**ORIGINAL FILED WITH THE CLERK OF THE COURT**</u>

Anthony Lagasi, Esq.

124 Little Falls Road

Fairfield, New Jersey 07004

***Counsel for Defendant Kenneth Salemi***

Michael A. Freeman, Esq.

24 West 40th Street

17th Floor

New York, New York 10018

***Counsel for Plaintiff Dan Parisi***

**Re:**    ***Parisi v. Salemi***
          <u>**Adv. No. 05-2397 (DHS)**</u>

Dear Counsel:

Page 2
May 31, 2006

Before the Court is a motion filed by the Debtor and Defendant, Kenneth Salemi, seeking to vacate a default entered against him by the Court on April 18, 2006. For the reasons that follow, the Defendant's motion to vacate the default is hereby denied.

It must be preliminarily noted that the Defendant elected not to file a brief in support of his motion to vacate the default and, as will be discussed in more detail below, the Defendant filed a terse, three-paragraph certification in support of his motion to vacate the default against him. Consequently, the underlying facts are excerpted from the submissions filed by the Plaintiff, Dan Parisi.

According to the Plaintiff's counsel's certification, at the time Mr. and Mrs. Salemi filed their petition for bankruptcy on April 15, 2005, they were defendants in a litigation pending in Morris County Superior Court entitled *Dan Parisi v. Kenneth Salemi and Raquel Salemi*, Morris County Docket No. MRS-C-163-04 (the "State Court Action"). (*See Certification of Michael A. Freeman, Esq. in Opposition to the Motion of Defendant Kenneth Salemi to Vacate Default*, ¶ 2) (hereinafter "*Freeman Cert.*"). Parisi alleged in the State Court Action that Mr. and Mrs. Salemi had made material misrepresentations to Parisi in connection with Parisi's purchase of a house and property located at 23 Redding Place, Towaco, New Jersey (hereinafter "23 Redding"). (*Freeman Cert.*, ¶ 3; Ex. "1"). Specifically, Parisi alleged that Mr. and Mrs. Salemi misrepresented that 23 Redding complied with all existing zoning ordinances, when in fact, the property did not comply with local zoning ordinances concerning the size of the lot in relation to the house and did not comply with local setback ordinances for underground tanks. (*Freeman Cert.*, ¶ 4; Ex. "1"). These violations existed because Mr. and Mrs. Salemi made material misrepresentations to the Town of Montville in connection with an application to subdivide 23 Redding into two parcels prior to the sale to Parisi. (*Freeman Cert.*, ¶ 4; Ex. "1"). Parisi also alleged that Mr. and Mrs. Salemi concealed the fact that an abandoned underground petroleum storage tank was leaking, that it had not been properly decommissioned, and that heating oil had been discharged into the subsurface. (*Freeman Cert.*, ¶ 4; Ex. "1").

After Mr. and Mrs. Salemi filed for bankruptcy, Parisi commenced the instant adversary proceeding in this Court on July 29, 2005, and subsequently dismissed the State Court Action. (*Freeman Cert.*, ¶¶ 5 and 12; Ex. "2"). The original adversary complaint sought damages for the costs Parisi had incurred in remediating the petroleum contamination on his property as well as a finding that the debt was not dischargeable because Mr. and Mrs. Salemi committed fraud in connection with the sale of 23 Redding to Parisi. (*Freeman Cert.* ¶ 6; Ex. "2"). The complaint was served on Mr. and Mrs. Salemi on November 10, 2005. (*Freeman Cert.* ¶ 7; Ex. "3"). The Defendant admits that he was served with the adversary complaint; the Defendant's fourteen year-old daughter accepted service on the Defendant's behalf. (*See Certification in Support of the Motion to Vacate Default by Kenneth Salemi dated May 10, 2006*) (hereinafter "*Salemi Cert.*").[1]

---

[1] Nowhere does the Defendant allege that service was improper or ineffective.

Page 3
May 31, 2006

At the time the complaint was served, a pre-trial conference was scheduled for November 17, 2005. (*Freeman Cert.*, ¶ 9). On November 15, 2005, Parisi's counsel sent a letter to David Ast, Esq., who was then representing the Defendant and Mrs. Salemi in the bankruptcy proceeding. (*Freeman Cert.*, ¶ 10; Ex. "4"). The letter stated that the Court would waive personal appearances at the pretrial conference that was scheduled for November 17, 2005 if the parties could agree in advance on the terms of a proposed joint pretrial order. (*Freeman Cert.*, Ex. "4"). On November 16, 2005, Mr. Ast countersigned the letter as "Counsel for Defendants" and returned the letter to Parisi's counsel, after which Parisi's counsel advised the Court that counsel for both sides had agreed to the dates in the scheduling order. (*Freeman Cert.*, ¶ 11; Ex. "5"). On or about February 27, 2006, neither the Defendant nor his wife having previously responded to the complaint, Parisi served an amended complaint on Mr. Ast to add a claim for money damages arising from the fraudulent application for the subdivision. (*Freeman Cert.* ¶ 12-14; Ex. "6"). According to Parisi's counsel's certification, Mr. Ast never objected to accepting service of the amended complaint on behalf of Mr. and Mrs. Salemi and never otherwise advised him that service was defective or that he was no longer representing Mr. and Mrs. Salemi in the adversary proceeding. Moreover, Mr. Ast never sought to withdraw from the case. (*Freeman Cert.* ¶ 15).

On or about March 24, 2006, Parisi's counsel spoke to Mr. Ast and asked him whether the Defendant or Mrs. Salemi intended to respond to the amended complaint, and stated that, if not, Parisi was going to move for entry of a default. (*Freeman Cert.*, ¶ 16). According to Parisi's counsel's certification, Mr. Ast responded that he was still waiting for Mr. and Mrs. Salemi to decide what they wanted to do in the adversary proceeding, and that he had given them a deadline of March 31, 2006 to decide. (*Freeman Cert.*, ¶ 17). This was almost four months after the original complaint was served. Around the same time, a dispute arose concerning the deposition of a third party witness, Joseph Trifari, which prompted Parisi's counsel to write a letter to the Court on March 24, 2006 requesting certain relief. (*Freeman Cert.*, ¶ 18; Ex. "7"). The letter, which was also sent to Mr. Ast, specifically noted that the Defendant and his wife had yet to file a response to the amended complaint, and stated that Parisi wanted to avoid the expense of moving for default if Mr. and Mrs. Salemi intended to answer the complaint. The Defendant still did not file a response to the amended complaint following that letter.

On April 17, 2006, no answer having been filed by Mr. or Mrs. Salemi, Parisi moved for default pursuant to Federal Rule of Bankruptcy Procedure 7055. Parisi's counsel served Salemi's counsel, Mr. Ast, with a copy of the motion for default, but no response was submitted. (*Freeman Cert.*, ¶ 20). As a result, the Court entered a default on April 21, 2006, and separately instructed Parisi's counsel to file papers to convert the default into a judgment. (*Freeman Cert.*, ¶¶ 21-22; Ex. "9"). On May 10, 2006, as Parisi was preparing the papers to file in support of his motion to convert the default to a judgment, Mr. Salemi (but not his wife) filed the instant motion to vacate the default. (*Freeman Cert.*, ¶ 23). The papers submitted included an answer to the amended complaint and a supporting certification by Mr. Salemi, the substantive text of which is less than a page. In his certification, Mr. Salemi admits that he was served with the original complaint at his

Page 4
May 31, 2006

home, and that he was represented in the bankruptcy proceeding by Mr. Ast.  (*Salemi Cert.* ¶¶ 1-2; *Freeman Cert.* ¶ 25).

The notice of motion filed by the Defendant to vacate the default states that "[a] brief or memorandum of law has not been submitted because the issues raised by the motion are not unusual or unique necessitating the filing of legal briefs." The substance of the Defendant's motion to vacate the entry of default is contained in paragraph three of his certification, which states as follows: "I have retained my own counsel and I have a meritorious defense to the complaint. The proposed answer is attached hereto. I urge the court to allow me to defend this matter." Much like his moving papers, the Defendant attached a "bare bones" answer to the amended complaint, essentially denying most of the counts contained in the amended complaint. Significantly, the Defendant's answer is devoid of any affirmative defenses and does not detail any meritorious or even potential defenses the Defendant may have to the amended complaint.

Against this background, the Court will turn to its legal conclusions.

Applications to set aside the entry of a default are governed by Federal Rule of Bankruptcy Procedure 7055, which incorporates the text of Federal Rule of Civil Procedure 55. Specifically, Federal Rule of Bankruptcy Procedure 7055(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." *See Fed. R. Bankr. P.* 7055(c) (West 2006). As a general matter, courts disfavor defaults. *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 601 (D.N.J. 2003) (citing *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988)). If doubt exists, the default should be set aside so that the case can be decided on the merits. *Id.* (citing *Medunic v. Lederer*, 533 F.2d 891, 894 (3d Cir. 1976). Nonetheless, the decision to set aside an entry of default pursuant to Federal Rule of Bankruptcy Procedure 7055(c) is left to the sound discretion of the court. *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (citation omitted). In ruling on a motion to set aside a default under Rule 7055(c), a court *must* consider the following three factors: 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable conduct. *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) (citations omitted). *See also Mettle*, 279 F. Supp. 2d at 601 (adopting same three-part test). In deciding whether to vacate the entry of default, a court can also consider "the particular equities of the case." *Phillips v. Flynn*, 61 F.R.D. 574, 577 (E.D. Pa. 1974).

In reviewing the record before the Court and the submissions of the parties, the Court concludes that the equities of this matter tip in favor of the Plaintiff and the Defendant has failed to demonstrate "good cause" for the vacation of the entry of default. Consequently, the motion to vacate the default filed by the Defendant is hereby denied. First, and most importantly, aside from a short conclusory statement that he has a meritorious defense to the adversary complaint, the Defendant has utterly failed to detail the nature of his defense to the Court, and the Defendant's proposed answer to the adversary complaint similarly provides no indication of the viable defense alluded to by him in his supporting certification or his attorney's statements at

Page 5
May 31, 2006

the time of argument. Second, based upon the uncontroverted facts supplied by the Plaintiff's counsel, the Defendant knew of the complaint from its original service upon him and moreover, the Defendant's counsel, Mr. Ast, agreed to the terms of a joint pre-trial order; acknowledged his representation of the Defendant; received an amended complaint from the Plaintiff; communicated personally with the Plaintiff's counsel on at least one occasion regarding the Defendant's need to respond to the complaint; and received a copy of a letter to the Court from the Plaintiff's counsel which specifically stated as follows: "I would like to understand from Mr. Ast whether his clients intend to answer the complaint, because I am loathe to have my client incur the cost of moving for a default only to have defendants serve an answer to the complaint the following day." (*See Freeman Cert.*, Ex. "7"). Despite having all of these notices and opportunities to file an answer or otherwise respond to the adversary complaint, the Defendant still failed to file a timely answer or responsive pleading, and default was entered against him. The Court can only conclude Defendant's failure to answer was knowing and willful. Finally, while the Plaintiff concedes that he cannot demonstrate "any particular prejudice beyond having to litigate an action in which he has already been granted a default," the lack of a substantial prejudice to the Plaintiff should not become a windfall to reward the Defendant's indifference to the judicial process.

As such, the motion to vacate the default filed by the Defendant, Kenneth Salemi, is hereby denied. An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

s/  **Donald H. Steckroth**

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure